UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD P. ROSENDALE,

                           Plaintiff,

         - against -

MR. COOPER GROUP INC., *et al.*,

                           Defendants.

19 Civ. 9263 (NSR)(PED)

ORDER

**PAUL E. DAVISON, U.S.M.J.**:

    At a telephone conference before this Court on November 4, 2022, Plaintiff *pro se* requested review of a previous discovery ruling I made on the record. The Court directed Plaintiff to submit a letter to further elaborate his argument, which he did on November 4, 2022. [Dkt. 151.] Plaintiff then submitted another letter in support of his argument on November 7, 2022. [Dkt. 152.] Defendants submitted a letter outlining their opposition on November 15, 2022. [Dkt. 153.] After reviewing these letters and fully considering the arguments asserted, I am **DENYING** Plaintiff's request.

    On August 3, 2022, Plaintiff initially identified a discovery dispute he had with Defendants. [Dkt. 105.] In connection with discovery, Plaintiff had requested from Defendants copies of an application that Defendant Nationstar Mortgage LLC ("Nationstar") made for a claim on the MIP insurance associated with Plaintiff's mortgage. [*Id.*] Nationstar withdrew the application and, in response to Plaintiff's interrogatories, Defendants stated that the reason for the withdrawal was this lawsuit. [Dkt. 107.] However, Plaintiff believes that the real reason for the withdrawal was the fact that Nationstar did not have ownership over his mortgage and therefore Plaintiff wished to review the application. [*Id.*] On August 23, 2022, I had a telephone

conference with Plaintiff and Defendants, and on the record, I held that I was not going to compel the disclosure of such documentation because it was not relevant to the action.

Plaintiff now argues that I should reconsider that ruling. Plaintiff argues that he has discovered a "title problem" with his mortgage. He states that when his mortgage was conveyed from U.S. Trust Co. of California to Chase Manhattan on April 22, 2003, the wrong mortgage was transferred. Plaintiff argues that the "title problem" is the actual reason that Nationstar withdrew the above-mentioned application. This argument relies on pure speculation and an unwillingness to give credence to Defendants' assertion that the application was withdrawn because of this lawsuit. Further, Plaintiff has failed to establish how the alleged "title problem" that arose from the transfer of his mortgage in 2003 relates to his current allegations against Defendants for impermissibly withdrawing funds from his line of credit to pay for taxes or insurance. Thus, Plaintiff has failed to show how this revelation has suddenly made the requested documentation relevant.

Accordingly, Plaintiff's request for reconsideration is **DENIED**. Plaintiff *pro se* is advised that, if he wishes to seek review of this Order, he must do so within 14 days of being served with a copy of this Order. *See* Rule 72(a), Fed. R. Civ. P.; 28 U.S.C. § 636(a).


Dated: November 16, 2022
      White Plains, New York

                                                      SO ORDERED

                                                      PAUL E. DAVISON, U.S.M.J.