*Copies mailed 12/13/22*
*Chambers of Judge Davison*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD P. ROSENDALE,

                                      Plaintiff,

- against -

MR. COOPER GROUP INC., *et al.*,

                                      Defendants.

**19 Civ. 9263 (NSR)(PED)**

**ORDER**

**PAUL E. DAVISON, U.S.M.J.:**

      At a telephone conference on December 2, 2022, I extended the deadline for rebuttal expert reports at the request of Defendants. That day, Plaintiff *pro se* filed a letter requesting that his time to question Defendants' witness be extended 14 days, and that Defendants pay $1,000 in deposition costs. [Dkt. 163.] Plaintiff made this request "in the interest of fair play", because I had granted Defendants' request to extend the time to submit their rebuttal expert report. [*Id.*] Defendants submitted a letter outlining their opposition on December 6, 2022. [Dkt. 164.] On December 9, 2022, Plaintiff submitted a follow-up letter attaching the transcript of his deposition of Defendants' witness. [Dkt. 165.] The Court has reviewed the letters and the deposition transcript; Plaintiff's request for an extension and for Defendants to pay deposition costs is **DENIED**.

      Plaintiff's argument that he should be allowed an extension to his time to depose Defendants' witness because Defendants received additional time to submit their rebuttal expert report is unpersuasive. Plaintiff had an adequate opportunity to depose Defendants' witness, to object to any part of the deposition, and to raise any issues with the deposition before this Court. However, it is only now—weeks after the deadline to depose non-expert witnesses has past—that Plaintiff raises this issue and requests additional time to depose Defendants' witness. This request

stands in stark contrast to Defendants' request to extend the deadline for rebuttal expert reports, which the Court was alerted to on December 1st, prior to the expiration of the deadline. [*See* dkts. 159, 161.] Plaintiff's argument thus does not persuade this Court to allow him an extension to depose Defendants' expert.

Further, a review of the transcript does not reveal a refusal to answer Plaintiff's questions. The Defendants' witness, Ms. Corrie Williams, appears to have answered the questions to the best of her knowledge. [*See* dkt. 165.] Additionally, the thrust of Plaintiff's argument is that the witness was unprepared to answer questions concerning Defendant Nationstar Mortgage LLC's withdrawal of an application for MIP insurance. As this Court has previously determined, such information is generally not relevant to this action. [Dkt. 154.] In general, a witness is not required to provide testimony concerning irrelevant inquiries. *See Commodity Futures Trading Comm'n v. Royal Bank of Canada*, No. 12 Civ. 2497 (AKH), 2014 WL 2933232, at *1 (S.D.N.Y. June 27, 2014).[1] Therefore, Ms. Williams was not impermissibly unprepared for the deposition.

Accordingly, Plaintiff's request for additional time to depose Defendants' witness and for Defendants to pay deposition costs is **DENIED**. Plaintiff *pro se* is advised that, if he wishes to seek review of this Order, he must do so within 14 days of being served with a copy of this Order. *See* Rule 72(a), Fed. R. Civ. P.; 28 U.S.C. § 636(a).

Dated: December 13, 2022
      White Plains, New York

SO ORDERED

PAUL E. DAVISON, U.S.M.J.

---

[1] Copies of all unpublished cases available only in electronic form cited herein have been mailed to Plaintiff. *See Lebron v. Sanders*, 557 F.3d 76, 78 (2d Cir. 2009).