USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1/20/2023___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD P. ROSENDALE,

                Plaintiff,

-against-

MR. COOPER GROUP INC., *et al.*,

                Defendants.

19-CV-9263 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Donald Rosendale ("Plaintiff" or "Mr. Rosendale"), a *pro se* litigant and elderly reverse mortgagor, commenced this action by filing a Complaint on October 7, 2019, asserting various claims against Mr. Cooper Group Inc. arising chiefly from alleged misconduct in the servicing of his reverse mortgage. (ECF No. 2.) Plaintiff continued his action on January 24, 2022 by filing his Third Amended Complaint and repleading eleven claims against Mr. Cooper f/k/a Nationstar Mortgage d/b/a Champion Mortgage ("Defendant"). (ECF No. 75.)

    Following Defendant's answer on February 24, 2022 (ECF No. 78), this Court issued a Civil Case Discovery Plan on April 19, 2022 (ECF No. 94); discovery commenced soon thereafter. Magistrate Judge Paul E. Davison issued an Amended Civil Case Discovery Plan on September 16, 2022. (ECF No. 126.) The Amended Civil Case Discovery Plan included the following deadlines: (1) non-expert depositions to be completed by October 28, 2022; rebuttal expert reports to be served no later than December 1, 2022; and expert depositions to be completed by December 24, 2022. Judge Davison thereafter granted Plaintiff until November 15, 2022 to depose Defendant. (ECF No. 141.)

    During discovery, Plaintiff identified a discovery dispute with Defendant. (ECF No. 105.) Plaintiff served interrogatories upon Defendant probing why Defendant had withdrawn its

application in 2019 to the U.S. Department of Housing and Urban Development ("HUD") to collect mortgage insurance premiums ("MIP") associated with Plaintiff's mortgage. (*Id.*) Defendant responded by explaining it had withdrawn the application because of the instant lawsuit. (ECF No. 107.) Plaintiff did not accept Defendant's response. (*Id.*) Arguing that Defendant could not collect MIP unless it could deliver clear title to HUD, Plaintiff insisted Defendant did not possess clear title. (*Id.*) Plaintiff thus requested Defendant produce the MIP application. (*Id.*) At a telephone conference held August 23, 2022, Judge Davison rejected Plaintiff's request. Plaintiff asked Judge Davison to reconsider that ruling by letter dated November 4, 2022 (ECF No. 151), and Judge Davison declined to do so in an order dated November 16, 2022 ("Interrogatory Order" (ECF No. 154)). Judge Davison reasoned that Plaintiff's discovery request—which is designed to reveal who held title to his mortgage and when—is unrelated to Plaintiff's allegations that Defendant "impermissibly withdr[ew] funds from his line of credit to pay for taxes or insurance." (ECF No. 154 at 2.) In a brief dated December 13, 2022, Plaintiff requested this Court review Judge Davison's Interrogatory Order. (ECF No. 167.)

Plaintiff also pressed Judge Davison to grant Plaintiff 14 extra days to depose Defendant's corporate representative, Corrie Williams. (ECF No. 163.) Plaintiff's request was made "in the interest of fair play" because Judge Davison had allowed Defendant an extension of time to submit their rebuttal expert report during a teleconference held on December 2, 2022. (*Id.*) Plaintiff believed additional time was necessary because Defendant's corporate representative was an employee of Mortgage Assets Management—the current servicer of Plaintiff's loan—and was thus familiar with the loan but unfamiliar with Defendant's aborted MIP application. (*Id.*) On December 13, 2022, Judge Davison issued a ruling denying Plaintiff's request for additional time to depose Defendant. ("Deposition Order" (ECF No. 166).) Judge Davison echoed his

Interrogatory Order, again ruling that the withdrawn MIP application bore no relation to Plaintiff's allegations in the Third Amended Complaint. (*Id.*) Moreover, Judge Davison observed that Plaintiff had an "adequate opportunity" to depose Defendant and "raise any issues with the deposition before this Court." (*Id.*) Plaintiff instead waited until "weeks after the deadline to depose non-expert witnesses ha[d] pas[sed]" to seek an extension. (*Id.*) Judge Davison was not persuaded Plaintiff merited more time. (*Id.*) In a brief dated December 21, 2022, Plaintiff requested this Court review Judge Davison's Deposition Order. (ECF No. 177.)

Plaintiff also moved this Court to grant Plaintiff leave to amend the Third Amended Complaint. (ECF No. 182.) Plaintiff seeks to amend the eighth cause of action to include allegations that Defendant withdrew its MIP application because it could not deliver clear title to HUD. (*Id.*) Plaintiff alleges the withdrawn application proves a break in the chain of title, dating back to 2009. (*Id.*) Although Judge Davison did not address Plaintiff's motion for leave to amend, he addressed the relevance of Plaintiff's proposed allegations in the Interrogatory and Deposition Orders: "Plaintiff has failed to establish how the alleged 'title problem' that arose from the transfer of his mortgage in 2003 relates to his current allegations against Defendants for impermissibly withdrawing funds from his line of credit to pay for taxes or insurance." (ECF No. 154 at 2.)

This Court interprets Judge Davison's Interrogatory and Deposition Orders, to which Plaintiff now objects, as a Report and Recommendation ("R&R") on Plaintiff's motions to compel additional interrogatory responses and extend the time to depose Defendant. (ECF Nos. 154, 166, 167, 177.)

This Court ADOPTS Judge Davison's R&R.[1]  For the same reasons, this Court DENIES Plaintiff's motion to amend the Third Amended Complaint.

All three of Plaintiff's requests—(1) to compel additional interrogatory responses; (2) to extend the time for deposing Defendant; and (3) to amend the Third Amended Complaint—hinge on the same issue of relevance: whether the alleged "title problem" relates to Plaintiff's allegations that Defendant impermissibly withdrew funds from Plaintiff's line of credit.  This Court agrees with Judge Davison and answers the question in the negative.

This Court also finds additional reasons to reject these requests.  For one, the record is clear that Plaintiff was not stonewalled during Defendant's deposition; to the contrary, Plaintiff was given wide leeway to ask questions—including ones irrelevant to the allegations in the Third Amended Complaint—and he received answers commensurate with the best of Defendant's knowledge.  (ECF No. 165.)  Plaintiff is not entitled to more, especially when he (1) had an adequate opportunity to depose Defendant; (2) failed to previously raise any objections to the

---

[1] To the extent a party makes specific objections to an R&R, a district court must review those parts *de novo*.  28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Mate Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  In *de novo* review, district courts must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted).  But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5Q66, 2008 WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008).  The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

Although Plaintiff's objections to Judge Davison's R&R "simply reiterate[] the original arguments," *Harris*, 2008 WL 772568, at *6, this Court nonetheless reviews the R&R *de novo*.  Applying *de novo* review, this Court ADOPTS Judge Davison's R&R.

Court; and (3) filed the present request weeks after the deadline to depose non-expert witnesses had passed.

With respect to Plaintiff's motion for leave to amend, the motion is untimely. The deadline to amend the pleadings was January 24, 2022 (ECF No. 94), which Plaintiff was well aware of as evidenced by four sets of pleadings filed before the deadline. Plaintiff is not permitted to amend the pleadings a fifth time long after the deadline to do so, especially where discovery is nearly complete and Plaintiff is unable to articulate why these allegations related to conduct in 2019 could not have been included in the original complaint.

## CONCLUSION

For the foregoing reasons, Judge Davison's R&R is ADOPTED. Plaintiff's motions to compel additional interrogatory responses and extend the time to depose Defendant are DENIED. Plaintiff's motion for leave to amend the Third Amended Complaint is DENIED.

SO ORDERED.

Dated:   January 20, 2023
         White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge