```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD P. ROSENDALE,

                 Plaintiff,

-against-

MR. COOPER GROUP INC., *et al.*,

                 Defendants.

No. 19-cv-9263 (NSR)

ORDER GRANTING REQUEST FOR PRO BONO COUNSEL

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Donald Rosendale ("Plaintiff"), a pro se litigant and elderly reverse mortgagor, commenced this action by filing a Complaint on October 7, 2019, asserting various claims against Mr. Cooper Group Inc. arising chiefly from alleged misconduct in the servicing of his reverse mortgage. (ECF No. 2.) Plaintiff continued his action on January 24, 2022 by filing his Third Amended Complaint and repleading eleven claims against Mr. Cooper f/k/a Nationstar Mortgage d/b/a Champion Mortgage ("Defendant"). (ECF No. 75.)

    Discovery is now complete, and during the parties' status conference, held on February 9, 2023, the parties expressed their intent to file motions for summary judgment. Plaintiff also expressed interest in the Court appointing *pro bono* counsel.

## **LEGAL STANDARD**

    Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60 – 61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks*, 114 F.3d at 392–93. Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## **DISCUSSION**

As an initial matter, the Court has determined, based on a review of Plaintiff's IFP

2

application, (ECF No. 3), that Plaintiff qualifies as indigent.  Therefore, Plaintiff has satisfied the first *Hodge* factor.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application.

To date, Plaintiff has a number of surviving claims, including claims for violations of 12 U.S.C. § 2605 (Real Estate Settlement Procedures Act), conversion, gross negligence, breach of contract, violations of N.Y. Gen. Bus. Law § 349 (Deceptive Business Practices), reformation, and infliction of emotional distress.  Defendant filed an Answer, (ECF No. 78), and as noted above, the parties have already completed exchanging discovery and intend to file motions for summary judgment.  Therefore, the Court finds that Plaintiff's claims are "likely to be of substance."  *Hodge*, 802 F.2d at 62; *O'Diah v. TBTA-Triborough Bridge & Tunnel Auth.*, No. 19-CV-7586 (VSB), 2021 WL 3631121, at *1 (S.D.N.Y. July 16, 2021) (finding claims "likely of substance" after surviving pleadings stage).

In addition, Plaintiff's ability to further pursue his claims is likely limited due to his stated medical needs.  The appointment of counsel in this matter would "lead to a quicker and more just result by sharpening the issues."  *Hodge*, 802 F.2d at 61.  Accordingly, the Court GRANTS Plaintiff's application for the Court to request *pro bono* counsel.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's request for pro bono counsel is GRANTED.  The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys and the ongoing COVID-19 pandemic, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace.  If an attorney volunteers, the attorney will contact

Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.

Dated:  February 9, 2023
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge