UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────X

DONALD P. ROSENDALE,

                Plaintiff,                Case No.: 7:19-cv-09263 (NSR)(PED)

      v.

MR. COOPER GROUP INC. d/b/a         **DEFENDANT'S RULE 56.1**
NATIONSTAR MORTGAGE, NATIONSTAR   **STATEMENT OF UNDISPUTED**
MORTGAGE LLC Directly and as Loan     **MATERIAL FACTS IN**
Servicer for an Unspecified Nationstar HECM  **SUPPORT OF THE MOTION**
Acquisition Trust, Champion Mortgage and Dr. **FOR SUMMARY JUDGMENT**
Ben Carson in his capacity as Secretary of the
U.S. Department of Housing and Urban
Development,

                Defendant(s).
───────────────────────────────────X

      Pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendant Nationstar Mortgage, LLC (s/h/a Mr. Cooper Group, Inc. d/b/a Nationstar Mortgage, LLC d/b/a Champion Mortgage) ("Defendant" or "Nationstar") respectfully submits that the following material facts are not in dispute.

### I. THE PARTIES

      1.    Plaintiff Donald P. Rosendale is the owner of real property located at 4848 Route 44, Amenia, New York 12501 ("Property"). Declaration of Anthony W. Vaughn, Jr., ("*Vaughn Decl.*"), Ex. 13, Rosendale EBT1[1], p. 11, l. 12-15.  Plaintiff took title to the Property by deed dated December 9, 1982. *Id.* at p.16, l. 7-10; Ex. 14.  The recorded deed contains a description of the Property, including an "abandoned road". *Id.*

---

[1] Plaintiff's deposition was taken on October 25, 2022 and on November 22, 2022.  The transcript of the first deposition shall be referred to as EBT1 and the transcript of the second deposition shall be referred to as EBT2.

2. The Property is not subdivided. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 24, l. 7-9.

3. Defendant Nationstar was the servicer of Plaintiff's reverse mortgage from July 1, 2012 until March 1, 2022, when the servicing rights were transferred to PHH Mortgage Services. See Declaration of Daniel Delpesche, ("*Delpesche Decl.*"), ¶¶ 9, 49 and 50, Exs. RR and SS; *Vaughn Decl.*, Ex. 3, Defendant's Responses to Plaintiff's First Set of Interrogatories, no. 3(c).)

II. **ORIGINATION AND ASSIGNMENTS OF REVERSE MORTGAGE**

4. On May 23, 2007, Plaintiff obtained a mortgage from BNY Mortgage Company LLC. *Vaughn Decl.,* Ex. 13, Rosendale EBT1, p.34, l. 2-17, Ex. 15). The property description in the May 23, 2007 mortgage is the same property description in the 1982 deed. *Id.* at p. 35, l. 3-15; p. 78, l. 15-24. Plaintiff did not object to the property description in the mortgage in 2007. Id. at, p. 35, l. 16-23. The 2007 mortgage was against the entire property. *Id.* at p. 48, l. 17-19. The property description includes an "abandoned road". *Vaughn Decl.*, Ex. 15.

5. On June 4, 2009, Plaintiff gave a reverse mortgage to MetLife Home Loans, a Division of MetLife Bank, N.A. ("MetLife"). *Delpesche Decl.*, Ex. B. The mortgage was recorded in the Dutchess County Clerk's Office on July 13, 2009 in Document #: 01 2009 6757. *Id.* The 2009 mortgage contains Plaintiff's signature. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 105, l. 3-14, p. 111, l. 9-19; *Delpesche Decl.*, ¶ 4, Ex. B.

6. The property description in the June 4, 2009 mortgage is the same property description in the 1982 deed, and it covers the entire property. *Vaughn Decl.*, Ex. 13, p. 103, l. 5-13; p. 115, l. 9-10; *Delpesche Decl.*, Exs A and B. Plaintiff did not ask the lender or the lender's attorney to change the Schedule A property description to only include his house and five acres. *Vaughn Decl.*, Ex. 13, p. 115, l. 15-23. The property description includes an "abandoned road".

*Delpesche Decl.*, Ex. B. Plaintiff agreed to give MetLife a lien against the entire farm. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 124, l. 19-21.

7. On June 4, 2009, Plaintiff gave a second reverse mortgage to the Secretary of Housing and Urban Development ("HUD"). *Delpesche Decl.*, ¶ 5, Ex. C. The second mortgage was recorded in the Dutchess County Clerk's Office on July 13, 2009 in Document #: 01 2009 6758. *Id.*

8. On June 4, 2009, Plaintiff executed a Home Equity Conversion Loan Agreement. *Delpesche Decl.*, ¶ 6, Ex. D.

9. The 2009 Mortgage paid off the 2007 Mortgage. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 48, l. 10-13.

10. Plaintiff is unaware of any writing where either he or his former attorney informed MetLife that Plaintiff wanted to give a mortgage against less than the entire property. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 47, l. 16-20. The loan officer, Lorraine Geraci, did not tell Plaintiff that the 2009 mortgage would only cover Plaintiff's house and five acres. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 79, l. 8-15.

11. Plaintiff did not send anything to Lorraine Geraci stating that he wanted a separate agreement or codicil that would allow him to sell portions of his property at will provided it did not impact the mortgage. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 126, l. 10-22.

12. No escrow or set aside account was established at closing of the 2009 mortgage. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 183, l. 2-7; *Delpesche Decl.*, ¶ 7, Ex. E.

13. On September 7, 2012, MetLife executed an Assignment of Mortgage to Champion Mortgage Company. *Delpesche Decl.*, ¶ 11, Ex. H. The Assignment of Mortgage was recorded in the Dutchess County Clerk's Office on October 1, 2012 in Document #: 01 2012 4024A. *Id.*

14. On October 20, 2022, Nationstar executed an Assignment of Mortgage to Mortgage Assets Management, LLC ("MAM"). *Delpesche Decl.*, ¶ 12, Ex. I. The Assignment of Mortgage was recorded in the Dutchess County Clerk's Office on October 21, 2022 in Document #: 01 2022-51361A. *Id.*

15. FNMA is the owner of the Plaintiff's reverse mortgage. *Delpesche Decl.*, ¶ 13, Ex. J; See CM ltr to Pl 9.18.20; see also letter from Charles Jeanfreau to Judge Roman dated January 28, 2020, Dkt. 21).

**III.   RESPA CLAIM**

16. On August 23, 2019, Champion sent a letter to Plaintiff requesting proof of payment of property taxes and or hazard insurance. *Delpesche Decl.*, ¶ 33, Ex. CC.) The letter states, "[i]f your loan is declared 'Due and Payable' by HUD, it could result in a foreclosure action on your home". *Id.* The letter further states, [a]lthough the loan documents allow for a foreclosure action on the property, both Champion Mortgage and HUD would prefer to work out another solution that will allow you to repay the amount due and retain your home." *Id.*

17. On September 2, 2019, Plaintiff sent a letter to Champion Mortgage in response to a letter dated August 23, 2019, disputing that he did not pay his property taxes and/or insurance. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 138, l. 15-22; Ex. 16.

18. On September 6, 2019, Champion sent a letter to Plaintiff acknowledging receipt of the letter dated September 2, 2019. *Delpesche Decl.*, ¶ 35, Ex. EE.

19. On September 18, 2019, Champion sent a letter to Plaintiff in response to his letter dated September 2, 2019. *Delpesche Decl.*, ¶ 36, Ex. FF. The letter states that Plaintiff's hazard insurance expired on August 5, 2018, and after not receiving evidence that Plaintiff secured new coverage, a Lender Placed Insurance policy was purchased on October 29, 2018. *Id.*

20. On September 19, 2019, Plaintiff faxed a letter to Champion requesting an accounting of an escrow account. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 155, l. 19-25, p. 156, l. 2; Ex. 17.

21. On September 25, 2019, Plaintiff faxed a letter to Champion in response to Champion's letter dated September 18, 2019, disputing that his taxes and insurance were delinquent. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 158, l. 15-22; Ex. 18.

22. On September 30, 2019, Champion sent a letter to Plaintiff acknowledging receipt of the letter dated September 25, 2019. *Delpesche Decl.*, ¶ 39, Ex. II.

23. On October 8, 2019, Plaintiff faxed a letter to Champion in response to Champion's letter dated September 18, 2019, and requested a copy of the Cancellation Notice that was issued by Liberty Mutual. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 187, l. 2-7; Ex. 19.

24. On October 10, 2019, Champion sent a letter to Plaintiff acknowledging Plaintiff's recent contact regarding his reverse mortgage. *Delpesche Decl.*, ¶ 40, Ex. JJ.

25. On October 23, 2019, Champion sent a letter to Plaintiff in response to Plaintiff's letter dated September 25, 2019 and September 27, 2019. *Delpesche Decl.*, ¶ 43, Ex. MM. In the letter, Champion provides a descriptive explanation of various topics related to the reverse mortgage including, the mortgage terms, the loan servicing, an escrow account, the appraisal procured at loan origination, Plaintiff's obligation to timely pay property taxes and hazard insurance premiums. *Id.*

26. Plaintiff was not caused any harm due to the alleged failure by Nationstar to either acknowledge or formally respond to his QWRs. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 203, l. 19-25, p. 204, l. 2-9.

**IV.    HAZARD INSURANCE**

27. On July 5, 2018, Liberty Mutual issued a bill to Plaintiff in the amount of $239.82 for his hazard insurance policy premium. See Policy Transaction Detail annexed to e-mail dated 8.7.18 (Dkt. 108). On August 6, 2018, Liberty Mutual issued a notice of non-payment. *Id.*

28. On August 6, 2018, Liberty Mutual sent a Cancellation Notice to Champion relating to Plaintiff's homeowner's insurance policy. *Delpesche Decl.*, ¶ 14, Ex. K). The notice states that a copy of the notice was sent to Plaintiff for non-payment of premium. *Id.*

29. On August 7, 2018, Liberty Mutual sent an e-mail to Plaintiff notifying him that his homeowner's insurance was at risk of cancellation due to non-payment. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 232, l. 24-25; p. 233, l. 2-5, l. 15-21, Ex. 20.

30. On August 8, 2018, Champion sent a letter to Plaintiff to request proof of hazard insurance. *Delpesche Decl.*, ¶ 15, Ex. L.

31. On August 17, 2018, Plaintiff made a payment toward his hazard insurance in the amount of $239.82. See Policy Transaction Detail annexed to e-mail dated 8.7.18 (Dkt. 108).

32. On August 29, 2018, Champion sent a letter to Plaintiff requesting proof of hazard insurance. *Delpesche Decl.*, ¶ 16, Ex. M.

33. On September 5, 2018, Liberty Mutual issued a bill to Plaintiff in the amount of $265.91 for his hazard insurance policy premium. (Dkt. 108); *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 232, l. 24-25; p. 233, l. 2-5, l. 15-21; Ex. 20.

34. On September 28, 2018, Champion sent a letter to Plaintiff to request proof of hazard insurance. *Delpesche Decl.*, ¶ 17, Ex. N.

35. On October 1, 2018, Liberty Mutual charged a late payment fee. (Dkt. 108); *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 232, l. 24-25; p. 233, l. 2-5, l. 15-21; Ex. 20.

36. On October 5, 2018, Plaintiff made a payment toward his hazard insurance in the amount of $265.91. (Dkt. 108); *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 232, l. 24-25; p. 233, l. 2-5, l. 15-21, *Vaughn Decl.*, Ex. 20.

37. On October 29, 2018, Champion acquired Lender Placed Insurance or Plaintiff in the amount of $2,789.00. *Delpesche Decl.*, ¶ 18, Ex. G.

38. On November 2, 2018, Champion sent a letter to Plaintiff to request proof of hazard insurance. *Delpesche Decl.*, ¶ 19, Ex. O.

39. On November 5, 2018, Liberty Mutual sent a Cancellation Notice to Champion relating to Plaintiff's homeowner's insurance policy. *Delpesche Decl.*, ¶ 20, Ex. P. The notice states that a copy of the notice was sent to Plaintiff for non-payment of premium. *Id.*

40. On November 8, 2018, Liberty Mutual faxed a copy of a Declarations page to Plaintiff, which shows an annual premium in the amount of $2,583.00. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 244, l. 5-12; Ex. 21.

41. On November 8, 2018, Champion received a copy of the proof of insurance from Liberty Mutual and the Plaintiff's account was credited in the amount of $2,789.00 on November 15, 2018. *Delpesche Decl.*, ¶ 21, Exs. Q and R; See also Champion's schedule of advances of insurance and taxes)

42. On November 14, 2018, Champion sent a letter to Plaintiff advising him that a credit was applied to his account in the amount of $2,789.00. *Delpesche Decl.*, ¶ 23, Ex. S.

43. On August 23, 2019, Champion sent a letter to Plaintiff stating that it advanced funds to pay his property taxes and/or insurance premium. *Delpesche Decl.*, ¶ 33, Ex. CC.

44. On September 5, 2019, Liberty Mutual sent a Cancellation Notice to Champion relating to Plaintiff's homeowner's insurance policy. *Delpesche Decl.*, ¶ 34, Ex. DD. The notice states that a copy of the notice was sent to Plaintiff for non-payment of premium. *Id.*

45. On September 5, 2019, Liberty Mutual sent a Cancellation Notice to Plaintiff relating to Plaintiff's homeowner's insurance policy. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 248, l. 8-20; Ex. 22.

46. On September 18, 2019, Champion sent a letter to Plaintiff in response to his letter dated September 2, 2019, to advise that it received a Cancellation Notice from Liberty Mutual and asked Plaintiff to pay his hazard insurance premium by September 25, 2019 and to send proof of the payment to Champion. *Delpesche Decl.*, ¶ 36, Ex. FF.

47. On September 27, 2019, Champion sent a letter to Plaintiff to request proof of hazard insurance. *Delpesche Decl.*, ¶ 37, Ex. GG.

48. On October 22, 2019, Champion sent a letter to Stephen Deely of the State of New York Department of Financial Services (NYS DFS) in response to inquiries made regarding the servicing of the Plaintiff's reverse mortgage. *Delpesche Decl.*, ¶ 42, Ex. LL. Included with the letter was a copy of the HUD guidelines, the Mortgage and the Home Equity Conversion Loan Agreement. *Id.*

49. On October 31, 2019, Champion sent another letter to Stephen Deely, which includes a timeline of dates and amounts when Champion reviewed Plaintiff's account and disbursed funds for taxes and insurance on Plaintiff's behalf. *Delpesche Decl.*, ¶ 44, Ex. AA. The letter states the following:

**Insurance**

8/21/2019 – Cancellation notice received from Liberty Mutual Insurance

> 8/29/2019-9/28/2019 – Insurance Notices mailed to Mr. Rosendale informing of Lender Placed Insurance (LPI) and requesting proof of insurance (POI).
> 10/29/2019 – Advances LPI policy for $2,789.00. Proof of insurance not received.
> 11/8/2019 – POI received and account updated.
> 11/15/2019 – Full LPI refund received for $2,789.00.
>
> **Taxes**
>
> 1/23/2019 – Sent Tax notice advising exam of official tax records indicated there were delinquent 2017 taxes. Requested proof of payment (POP) of his taxes.
> 2/7/2019 – Additional review of taxes confirming 2017 taxes remained delinquent.
> 2/11/2019 – Advanced $7,265.95 for delinquent 2017 taxes. Received POP from Mr. Rosendale for payment 2/11/2019.
> 3/25/2019 – Received full refund from the county of $7,265.95 applied back to the loan.
> 5/21/2019 – Tax search determined 2019 Town District taxes were due 5/31/2019. POP not received and $7,196.88 advanced.
> 7/5/2019 – Received full refund of $7,196.88 plus all fees, interest, and MIP.
> 8/20/2019 – Conducted property tax search and confirmed 2018 Dutchess County taxes and Independent School District (ISD) were delinquent and had not been paid. The county tax office advised that the 2019 Dutchess county and ISD 2018 taxes and 2019 taxes were turned over to Dutchess County for collection.
> 8/22/2019 – Advances $7,473.60 to Dutchess County Commissioner's Office. Funds removed from the Line of Credit (LOC) and confirmed at that time that taxes were paid in full.

(Id.) The letter also cites to language in the loan origination documents which authorized Champion to advance funds on the Plaintiff's behalf, and gives the reason no escrow account was set up at origination. *Id.*

50. On February 5, 2020, Liberty Mutual sent a Cancellation Notice to Champion relating to Plaintiff's homeowner's insurance policy. *Delpesche Decl.*, ¶ 47, Ex. PP. The notice states that a copy of the notice was sent to Plaintiff for non-payment of premium. *Id.*

51. On February 5, 2020, Liberty Mutual sent a Cancellation Notice to Plaintiff relating to Plaintiff's homeowner's insurance policy. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 254, l. 23-25, p. 255, l. 2-16; Ex. 23.

**V.    PROPERTY TAXES**

52. On December 19, 2018, Champion sent a letter to Plaintiff notifying him that his property taxes were not paid. *Delpesche Decl.*, ¶ 24, Ex. T. The letter asks Plaintiff to pay his property taxes immediately, and if he does not, then Champion will have to advance funds to pay the tax bill. *Id.*

53. On January 23, 2019, Champion sent a letter to Plaintiff advising there was a delinquent tax bill indicating his taxes were not paid. *Delpesche Decl.*, ¶ 25, Ex. U. The letter further states that Plaintiff's failure to pay his taxes prior to the delinquency date "could result in your loan being placed into default and being called due and payable. If your loan is approved to be called due and payable, it could lead to foreclosure on your home, which we want to help you avoid." *Id.* According to the letter, the delinquent tax bill related to the 2017 property taxes. *Id.*

54. On January 24, 2019, Plaintiff faxed a letter to Champion stating he has been slow in paying his property taxes. *Delpesche Decl.*, ¶ 26, Ex. V. Citing to the terms of the Home Equity Conversion Loan Agreement, Plaintiff wrote, the proper procedure for Champion to take when he is delinquent in paying his property taxes is for Champion to pay them and add the paid taxes to the balance of his line of credit. *Id.*

55. On January 31, 2019, Champion sent a letter to Plaintiff in response to his letters dated January 24, 2019 and January 28, 2019, regarding his obligation to pay property taxes and denying the letter dated December 19, 2018 was a threat to accelerate the debt. *Delpesche Decl.*, ¶ 27, Ex. W. The letter cites to the Loan Agreement and Mortgage as the basis for authority to Champion to make a disbursement for Lender Placed Insurance. *Id.*

56. On February 11, 2019, the Dutchess County Commissioner of Finance issued a Tax Receipt. *Delpesche Decl.*, ¶ 28, Ex. X; See also a copy of a tax receipt from the Dutchess County Commissioner of Finance dated February 11, 2019. The tax receipt reflects the payment was made

toward property taxes that were due in 2017. *Id.* The tax receipt states the payment is overdue and includes a fee in the amount of $225.40 for interest and penalty. *Id.*

57. Plaintiff did not timely pay his 2017 property taxes because he needed to buy a car. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 201, l. 20-25, p. 202, l. 2-6.

58. On February 12, 2019, Champion sent a letter to Plaintiff requesting proof of payment of his property taxes and/or insurance. *Delpesche Decl.*, ¶ 29, Ex. Y. The letter also states that Champion advanced funds to pay the property taxes and/or insurance on Plaintiff's behalf. *Id.*

59. On February 13, 2019, the County of Dutchess, Department of Finance issued a check to Champion's vendor, Lereta, LLC, in the amount of $7,265.95 as a refund for the property taxes. *Delpesche Decl.*, ¶ 30, Ex. Z.

60. On March 25, 2019, Champion applied a credit to Plaintiff's line of credit in the amount of $7,265.95. *Delpesche Decl.*, ¶ 31, Ex. AA and Ex. R.

61. On May 21, 2019, Champion advanced funds in the amount of $7,196.88 to pay the 2019 taxes on Plaintiff's behalf. *Id.*

62. On July 5, 2019, Champion applied a refund to Plaintiff's line of credit in the amount of $7,196.88 plus all fees, interest, and MIP. *Id.*

63. On August 22, 2019, Champion advanced funds out of Plaintiff's line of credit in the amount of $7,473.60 to pay Plaintiff's 2018 property taxes. *Id.* and Ex. FF. The tax receipt reflects the payment was made toward property taxes that were due in 2018. *Id.* The tax receipt states the payment is overdue and includes a fee in the amount of $207.54 for interest and penalty. *Id.*

64. On September 27, 2019, Plaintiff faxed a letter to Champion regarding a voicemail he received from a representative of Champion. *Delpesche Decl.*, ¶ 38, Ex. HH.

65. On October 18, 2019, Plaintiff faxed a letter to Champion asking them to stop contacting him because he filed the instant lawsuit. *Delpesche Decl.*, ¶ 41, Ex. KK.

66. On December 10, 2019, Plaintiff sent a letter to Champion requesting information about the payment of the property taxes in August 2019. *Delpesche Decl.*, ¶ 45, Ex. NN.

67. On December 18, 2019, Champion sent a letter to Plaintiff in response to Plaintiff's letter dated December 10, 2019 to provide an explanation for payment of the 2018 and 2019 taxes. *Delpesche Decl.*, ¶ 46, Ex. OO. The letter states that the "balance paid to Dutchess county includes the 2019 unpaid Town and County taxes, which themselves include a levy of the 2018's delinquent school taxes. *Id.* The 2018 School taxes were due originally by September 30, 2018. When those taxes were left unpaid, the balance was levied onto 2019 Town and County tax bill at the end of November 2018." *Id.*

### VI. INTEREST RATE DATE

68. On November 10, 2010, MetLife sent a letter to Plaintiff stating that it discovered a clerical error in the Note. It states, "the date for determining the index rate for adjustments to the interest rate was inaccurately described in Paragraph 5(B) of your Note". *Delpesche Decl.*, ¶ 10, Exs. F and G, line 859.

### VI. EMOTIONAL DISTRESS

69. Plaintiff had one conversation with Kauser Begum, a representative of Nationstar. *Vaughn Decl.*, Ex. 13, Rosendale EBT1, p. 185, l. 18-22; Rosendale EBT2, p. 274, l. 17-20.

Dated: Brooklyn, New York
       March 15, 2023

                             Respectfully submitted,

                             /s/ *Anthony W. Vaughn, Jr.*
                             Anthony W. Vaughn, Jr.
                             Law Office of Anthony W. Vaughn, Jr. LLC

300 Cadman Plaza West
One Pierrepont Plaza, 12th Floor
Brooklyn, New York 11201
Tel: (908) 300-5455
anthony@avaughnlaw.com

*Attorney for Nationstar Mortgage LLC d/b/a Champion Mortgage*