UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

DONALD P. ROSENDALE,

        Plaintiff,

v.

MR. COOPER GROUP INC. d/b/a
NATIONSTAR MORTGAGE, NATIONSTAR
MORTGAGE LLC Directly and as Loan
Servicer for an Unspecified Nationstar HECM
Acquisition Trust, Champion Mortgage and Dr.
Ben Carson in his capacity as Secretary of the
U.S. Department of Housing and Urban
Development,

        Defendant(s).
———————————————————————X

Case No.: 7:19-cv-09263 (NSR)(PED)

**DECLARATION OF
DANIEL DELPESCHE**

    Daniel Delpesche declares pursuant to 28 U.S.C. § 1746, and subject to the penalties of perjury that the following is true and correct:

    1.    I am a contract management coordinator with PHH Mortgage Corporation ("PHH") servicing this loan for owner of the master servicing rights Mortgage Assets Management LLC ("MAM") and who is also attorney in fact for Nationstar Mortgage LLC d/b/a Champion Mortgage. I submit this declaration in support of Defendant's motion for summary judgment seeking the dismiss the Complaint filed by Plaintiff Donald P. Rosendale. The facts and circumstances set forth in this declaration are based on my own personal knowledge, my experience as a contract management coordinator, and my access to and knowledge and review of PHH's record keeping systems and its business records created and kept in the regular course of business, including the records from the prior servicer Nationstar Mortgage LLC ("Nationstar")

d/b/a Champion Mortgage ("Champion") which prior servicer records are incorporated into PHH's business records .

2. I have been employed by PHH as a contract management coordinator since March 2013.

3. Plaintiff Donald P. Rosendale is the owner of real property located at 4848 Route 44, Amenia, New York 12501 ("Property"). A true and accurate copy of the deed dated December 9, 1982 is attached hereto as Exhibit A.

4. On June 4, 2009, Plaintiff gave a reverse mortgage to MetLife Home Loans, a Division of MetLife Bank, N.A. ("MetLife"). The mortgage was recorded in the Dutchess County Clerk's Office on July 13, 2009 in Document #: 01 2009 6757. *Id.* The 2009 mortgage contains Plaintiff's signature. A true and correct copy of the recorded mortgage is attached hereto as Exhibit B.

5. On June 4, 2009, Plaintiff gave a second reverse mortgage to the Secretary of Housing and Urban Development ("HUD"). (See recorded copy of Second Mortgage). The second mortgage was recorded in the Dutchess County Clerk's Office on July 13, 2009 in Document #: 01 2009 6758. A true and correct copy of the recorded second mortgage is attached hereto as Exhibit C.

6. On June 4, 2009, Plaintiff executed a Home Equity Conversion Loan Agreement. A true and correct copy of the Home Equity Conversion Loan Agreement is attached hereto as Exhibit D.

7. Plaintiff elected not to establish an escrow account. A true and correct copy of the Election of Impound/Escrow Account form is attached hereto as Exhibit E.

8. In or about December 2021, Mortgage Assets Management LLC purchased the rights to service this FNMA owned loan from Nationstar.

9. Nationstar/Champion serviced the loan from July 1, 2012 through March 1, 2022, when Nationstar transferred servicing to PHH Mortgage Services who acts as the subservicer for the master servicer, Mortgage Assets Management LLC.

10. On November 10, 2010, MetLife sent a letter to Plaintiff stating that it discovered a clerical error in the Note. It states, "the date for determining the index rate for adjustments to the interest rate was inaccurately described in Paragraph 5(B) of your Note". A true and correct copy of a letter is attached hereto as Exhibit F; A true and correct copy of the servicing Loan Notes which includes proof of mailing of the letter is attached hereto as Exhibit G, line 859.

11. On September 7, 2012, MetLife executed an Assignment of Mortgage to Champion Mortgage Company. (See recorded Assignment of Mortgage). The Assignment of Mortgage was recorded in the Dutchess County Clerk's Office on October 1, 2012 in Document #: 01 2012 4024A. A true and correct copy of the recorded Assignment of Mortgage is attached hereto as Exhibit H.

12. On October 20, 2022, Nationstar executed an Assignment of Mortgage to Mortgage Assets Management, LLC ("MAM") The Assignment of Mortgage was recorded in the Dutchess County Clerk's Office on October 21, 2022 in Document #: 01 2022-51361A. A true and correct copy of the recorded Assignment of Mortgage is attached hereto as Exhibit I.

13. In a letter dated September 18, 2020, Champion informed Plaintiff that Fannie Mae is the owner of his loan and provided the contact information. A true and correct copy of a letter is attached hereto as Exhibit J.

14. On August 6, 2018, Liberty Mutual Insurance ("Liberty Mutual") sent a Cancellation Notice to Champion relating to Plaintiff's homeowner's insurance policy. A true and correct copy of the notice is attached hereto as Exhibit K. The notice states that a copy of the notice was sent to Plaintiff for non-payment of premium. *Id.*

15. On August 8, 2018, Champion sent a letter to Plaintiff to request proof of hazard insurance. A true and correct copy of the letter is attached hereto as Exhibit L.

16. On August 29, 2018, Champion sent a letter to Plaintiff requesting proof of hazard insurance. A true and correct copy of the letter is attached hereto as Exhibit M.

17. On September 28, 2018, Champion sent a letter to Plaintiff to request proof of hazard insurance. A true and correct copy of the letter is attached hereto as Exhibit N.

18. On October 29, 2018, Champion acquired Lender Placed Insurance for Plaintiff in the amount of $2,789.00. See Ex. G, line 585.

19. On November 2, 2018, Champion sent a letter to Plaintiff to request proof of hazard insurance. A true and correct copy of the letter is attached hereto as Exhibit O.

20. On November 5, 2018, Liberty Mutual sent a Cancellation Notice to Champion relating to Plaintiff's homeowner's insurance policy. A true and correct copy of the notice is attached hereto as Exhibit P. The notice states that a copy of the notice was sent to Plaintiff for non-payment of premium. *Id.*

21. On November 8, 2018, Champion received a copy of the proof of insurance from Liberty Mutual and the Plaintiff's account was credited in the amount of $2,789.00 on November 15, 2018. A true and correct copy of the letter is attached hereto as Exhibit Q.

22. A true and correct copy of Champion's schedule of advances of insurance and taxes for the period of August 12, 2017 – March 13, 2020, is attached hereto as Exhibit R.

23. On November 14, 2018, Champion sent a letter to Plaintiff advising him that a credit was applied to his account in the amount of $2,789.00. A true and correct copy of the letter is attached hereto as Exhibit S.

24. On December 19, 2018, Champion sent a letter to Plaintiff notifying him that his property taxes were not paid. A true and correct copy of the letter is attached hereto as Exhibit T. The letter asks Plaintiff to pay his property taxes immediately, and if he does not, then Champion will have to advance funds to pay the tax bill. *Id.*

25. On January 23, 2019, Champion sent a letter to Plaintiff advising there was a delinquent tax bill indicating his taxes were not paid. A true and correct copy of the letter is attached hereto as Exhibit U. The letter further states that Plaintiff's failure to pay his taxes prior to the delinquency date "could result in your loan being placed into default and being called due and payable. If your loan is approved to be called due and payable, it could lead to foreclosure on your home, which we want to help you avoid." *Id.* According to the letter, the delinquent tax bill related to the 2017 property taxes. *Id.*

26. On January 24, 2019, Plaintiff faxed a letter to Champion stating he has been slow in paying his property taxes. A true and correct copy of the letter is attached hereto as Exhibit V. Citing to the terms of the Home Equity Conversion Loan Agreement, Plaintiff wrote, the proper procedure for Champion to take when he is delinquent in paying his property taxes is for Champion to pay them and add the paid taxes to the balance of his line of credit. *Id.* The letter was received by Loan Servicing Department on January 25, 2019. *Id.*

27. On January 31, 2019, Champion sent a letter to Plaintiff in response to his letters dated January 24, 2019 and January 28, 2019, regarding his obligation to pay property taxes and denying the letter dated December 19, 2018 was a threat to accelerate the debt. A true and correct

copy of a letter is attached hereto as Exhibit W. The letter cites the Loan Agreement and Mortgage as the basis for authority to Champion to make a disbursement for Lender Placed Insurance. *Id.*

28. On February 11, 2019, the Dutchess County Commissioner of Finance issued a Tax Receipt. A true and correct copy of the tax receipt from the Dutchess County Commissioner of Finance dated February 11, 2019 is attached hereto as Exhibit X. The tax receipt reflects the payment was made toward property taxes that were due in 2017. *Id.* The tax receipt states the payment is overdue and includes a fee in the amount of $225.40 for interest and penalty. *Id.*

29. On February 12, 2019, Champion sent a letter to Plaintiff requesting proof of payment of his property taxes and/or insurance. A true and correct copy of the letter is attached hereto as Exhibit Y. The letter also states that Champion advanced funds to pay the property taxes and/or insurance on Plaintiff's behalf. *Id.*

30. On February 13, 2019, the County of Dutchess, Department of Finance issued a check to Champion's vendor, Lereta, LLC, in the amount of $7,265.95 as a refund for the property taxes. A true and correct copy of a letter is attached hereto as Exhibit Z.

31. On March 25, 2019, Champion applied a credit to Plaintiff's line of credit in the amount of $7,265.95. A true and correct copy of a letter dated October 31, 2019, is attached hereto as Exhibit AA. On May 21, 2019, Champion advanced funds in the amount of $7,196.88 to pay the 2019 taxes on Plaintiff's behalf. (Id.) On July 5, 2019, Champion applied a refund to Plaintiff's line of credit in the amount of $7,196.88 plus all fees, interest, and MIP. *Id.* On August 22, 2019, Champion advanced funds out of Plaintiff's line of credit in the amount of $7,473.60 to pay Plaintiff's property taxes. *Id.*

32. A true and correct copy of a tax receipt from the Dutchess County Commissioner of Finance dated September 13, 2019 is attached hereto as Ex. BB. The tax receipt reflects the

payment was made toward property taxes that were due in 2018. *Id.* The tax receipt states the payment is overdue and includes a fee in the amount of $207.54 for interest and penalty. *Id.*

33. On August 23, 2019, Champion sent a letter to Plaintiff requesting proof of payment of property taxes and or hazard insurance. A true and correct copy of a letter is attached hereto as Exhibit CC.

34. On September 5, 2019, Liberty Mutual sent a Cancellation Notice to Champion relating to Plaintiff's homeowner's insurance policy. A true and correct copy of the notice is attached hereto as Exhibit DD. The notice states that a copy of the notice was sent to Plaintiff for non-payment of premium. *Id.*

35. On September 6, 2019, Champion sent a letter to Plaintiff acknowledging receipt of the letter dated September 2, 2019. A true and correct copy of a letter is attached hereto as Exhibit EE.

36. On September 18, 2019, Champion sent a letter to Plaintiff in response to his letter dated September 2, 2019, to advise that it received a Cancellation Notice from Liberty Mutual and asked Plaintiff to pay his hazard insurance premium by September 25, 2019 and to send proof of the payment to Champion. A true and correct copy of a letter is attached hereto as Exhibit FF.

37. On September 27, 2019, Champion sent a letter to Plaintiff to request proof of hazard insurance. A true and correct copy of the letter is attached hereto as Exhibit GG.

38. On September 27, 2019, Plaintiff faxed a letter to Champion regarding a voicemail he received from a representative of Champion. A true and correct copy of the letter is attached hereto as Exhibit HH.

39. On September 30, 2019, Champion sent a letter to Plaintiff acknowledging receipt of the letter dated September 25, 2019. A true and correct copy of a letter is attached hereto as Exhibit II.

40. On October 10, 2019, Champion sent a letter to Plaintiff acknowledging Plaintiff's recent contact regarding his reverse mortgage. A true and correct copy of a letter is attached hereto as Exhibit JJ.

41. On October 18, 2019, Plaintiff faxed a letter to Champion asking them to stop contacting him because he filed the instant lawsuit. A true and correct copy of the letter is attached hereto as Exhibit KK.

42. On October 22, 2019, Champion sent a letter to Stephen Deely of the State of New York Department of Financial Services (NYS DFS) in response to inquiries made regarding the servicing of the Plaintiff's reverse mortgage. A true and correct copy of the letter is attached hereto as Exhibit LL. Included with the letter was a copy of the HUD guidelines, the Mortgage and the Home Equity Conversion Loan Agreement. *Id.*

43. On October 23, 2019, Champion sent a letter to Plaintiff in response to Plaintiff's letter dated September 25, 2019 and September 27, 2019. A true and correct copy of the letter is attached hereto as Exhibit MM. In the letter, Champion provides a descriptive explanation of various topics related to the reverse mortgage including, the mortgage terms, the loan servicing, an escrow account, the appraisal procured at loan origination, Plaintiff's obligation to timely pay property taxes and hazard insurance premiums. *Id.*

44. On October 31, 2019, Champion sent another letter to Stephen Deely, which includes a timeline of dates and amounts when Champion reviewed Plaintiff's account and disbursed funds for taxes and insurance on Plaintiff's behalf. See Exhibit AA.

45. On December 10, 2019, Plaintiff sent a letter to Champion requesting information about the payment of the property taxes in August 2019. A true and correct copy of the letter is attached hereto as Exhibit NN.

46. On December 18, 2019, Champion sent a letter to Plaintiff in response to Plaintiff's letter dated December 10, 2019 to provide an explanation for payment of the 2018 and 2019 taxes. A true and correct copy of the letter is attached hereto as Exhibit OO. The letter states that the "balance paid to Dutchess county includes the 2019 unpaid Town and County taxes, which themselves include a levy of the 2018's delinquent school taxes. The 2018 School taxes were due originally by September 30, 2018. When those taxes were left unpaid, the balance was levied onto 2019 Town and County tax bill at the end of November 2018." *Id.*

47. On February 5, 2020, Liberty Mutual sent a Cancellation Notice to Champion relating to Plaintiff's homeowner's insurance policy. A true and correct copy of the letter is attached hereto as Exhibit PP. The notice states that a copy of the notice was sent to Plaintiff for non-payment of premium. *Id.*

48. On March 3, 2020, Plaintiff sent a letter to Champion requesting the identity of the servicer of his loan. A true and correct copy of the letter is attached hereto as Exhibit QQ.

49. On February 14, 2022, Champion sent a letter to Plaintiff stating that effective March 1, 2022, the servicing of his loan would transfer to PHH Mortgage Services. A true and correct copy of the letter is attached hereto as Exhibit RR.

50. On April 1, 2022, PHH Mortgage sent a New York Welcome Packet Supplemental Notice to Plaintiff. A true and correct copy of the notice is attached hereto as Exhibit SS.

51. On June 4, 2009, Plaintiff executed a Note to MetLife in the amount of $862,500.00. The 2009 Note contains Plaintiff's signature. A true and correct copy of the Note and Allonges is attached hereto as Exhibit TT.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3/14/2023

_____
By: Daniel Delpesche
Contract management coordinator
PHH Mortgage Corporation
attorney-in-fact for Nationstar Mortgage LLC
d/b/a Champion Mortgage.