# UNITED STATES DISTRICT COURT

for the

Southern _____ DISTRICT OF New York _____

| | | |
|---|---|---|
| DONALD P. ROSENDALE , | ) | RECEIVED<br>APR 2 9 2024<br>U.S.D.C.<br>W.P. |
| Plaintiff | ) | |
| v. | ) | |
| Mr. Cooper et al , | ) | Case No. 19cv09263 |
| Defendant | ) | |

## AFFIDAVIT ACCOMPANYING MOTION
## FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

---

**Affidavit in Support of Motion**

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

Signed: _____

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: April 26, 2027

---

My issues on appeal are: Counsel for Mr. Cooper did nor upload my reply paperrs as directed by court, altered exhibits, and court misunderstood NY law in inxorectly holding I was in default on my mortgage payments

1.   *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

Rev. 12.1.2018

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ 0 | $ 0 | $ 0 |
| Self-employment | $ 200 | $ 0 | $ 200 | $ 0 |
| Income from real property (such as rental income) | $ 0 | $ 0 | $ 0 | $ 0 |
| Interest and dividends | $ 0 | $ 0 | $ 0 | $ 0 |
| Gifts | $ 50 | $ 0 | $ 0 | $ |
| Alimony | $ 0 | $ 0 | $ 0 | $ 0 |
| Child support | $ | $ | $ | $ |
| Retirement (such as social security, pensions, annuities, insurance) | $ 1500 | $ 0 | $ 1500 | $ 0 |
| Disability (such as social security, insurance payments) | $ 0 | $ 0 | $ 0 | $ 0 |
| Unemployment payments | $ 0 | $ 0 | $ 0 | $ 0 |
| Public-assistance (such as welfare) | $ 90 | $ 0 | $ 0 | $ 0 |
| Other (specify): | $ 0 | $ 0 | $ 0 | $ 0 |
| **Total monthly income:** | $ 1,790 | $ | $ | $ |

2.    *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| Retired | | | $ |
| | | | $ |
| | | | $ |

Rev. 12.1.2018

3.    *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| retired | | | $ |
| | | | $ |
| | | | $ |

4.    *How much cash do you and your spouse have? $_____*

*Below, state any money you or your spouse have in bank accounts or in any other financial institution.*

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| Bank of Millbrook | checing | $ 900 | $ 0 |
| | | $ | $ |
| | | $ | $ |

*If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.*

5.    *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| Home | Other real estate | Motor vehicle #1 |
|---|---|---|
| (Value) $ 2,1 millions | (Value) $ 0 | (Value) $ 700 |
| | | Make and year: Subaru 2009 |
| | | Model: Forester |
| | | Registration #: far plates |

Rev. 12.1.2018

| Motor vehicle #2 | Other assets | Other assets |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| Make and year: | | |
| Model: | | |
| Registration #: | | |

6.   *State every person, business, or organization owing you or your spouse money, and the amount owed.*

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| alyson Bennett | $ 40,000 | $ 0 |
| | $ | $ |
| | $ | $ |
| | $ | $ |

7.   *State the persons who rely on you or your spouse for support.*

| Name [or, if under 18, initials only] | Relationship | Age |
|---|---|---|
| n/a | | |
| | | |
| | | |

Rev. 12.1.2018

8.    *Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.*

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home)<br>Are real estate taxes included?   ☐ Yes ☑ No<br>Is property insurance included?   ☐ Yes ☑ No | $ 0 | $ 0 |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 400 | $ 0 |
| Home maintenance (repairs and upkeep) | $ 0 | $ 0 |
| Food | $ 400 | $ 0 |
| Clothing | $ 5 | $ 0 |
| Laundry and dry-cleaning | $ 0 | $ 0 |
| Medical and dental expenses | $ 125 | $ 0 |
| Transportation (not including motor vehicle payments) | $ 0 | $ 0 |
| Recreation, entertainment, newspapers, magazines, etc. | $ 15 | $ 0 |
| Insurance (not deducted from wages or included in mortgage payments) | | |
|     Homeowner's or renter's: | $ 0 | $ 0 |
|     Life: | $ 0 | $ 0 |
|     Health: | $ 125 | $ 0 |
|     Motor vehicle: | $ 75 | $ 0 |
|     Other: | $ 0 | $ 0 |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $ 7000 | $ 0 |
| Installment payments | | |
|     Motor Vehicle: | $ 0 | $ 0 |
|     Credit card (name): | $ 40 | $ 0 |
|     Department store (name): | $ 0 | $ 0 |
|     Other: | $ 0 | $ 0 |

Rev. 12.1.2018

| | | |
|---|---|---|
| Alimony, maintenance, and support paid to others | $ 0 | $ 0 |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 0 | $ 0 |
| Other (specify): | $ | $ |
| **Total monthly expenses:** | $ | $ |

9.   *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

☑ Yes ☐ No          If yes, describe on an attached sheet.

10.   *Have you spent - or will you be spending - any money for expenses or attorney fees in connection with this lawsuit?* ☐ Yes ☑ No

*If yes, how much?* $

11.   *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*
Lender is barring me from selling excess land I am opaying heavy taxes on land I cannot sell If I could sell land I'd be solvent. Right now I'm dead broke

12.   *State the city and state of your legal residence*
AmeniaNY 12501

*Your daytime phone number:*

*Your age:* 88      *Your years of schooling:* 18

Rev. 12.1.2018

RECEIVED
APR 29 2024
U.S.D.C.
W.P.

**ADDENDUM**

This lawsuit involves:

(a) The patterns of Nationstar, the servicer/owner on my reverse mortgage, repeatedly withdrawing funds from my Line of Credit without prior notice in order to pay insurance and taxes, which were either not in fact due or which had been paid; (b) its packets accompanying the notice of misappropriation of my funds which mirrored the documents required under New York law in acceleration which led me to believe I was in foreclosure; (c) a letter from the lender months after the loan closing unilaterally raising the base rate for an adjustable rate mortgage;(d) an error in the mortgage title added after the closing which does not correctly describe the property, and (e) the refusal to allow me to sell a parcel of the land which it concedes is in excess of what is needed to secure the Note.

Nationstar successfully defended arguing that I was "in default" on the note and consequently it was entitled to take monies from my escrow, that the interest rate increase really involved a change in payment adjustment dates and I showed no injury as well as my claim being time barred; that the original title which was incorrect was nonetheless the controlling one; that any written or verbal threats Nationstar made were justified.

Judge Roman ruled the defends' motion for summary judgement that I was injured by the unilateral interest rate increase but held there was no proof of when I received the letter and so I waived it.

Judge Roman enlisted for me the Southern District Legal Assistance Group to help me in preparing my opposition to Nationstar's FRCP 56 motion. Judge Roman had ordered me to submit that response to counsel for Nationstar which in turn was to upload it. On receipt of my answering Counsel wrote to Judge Roman that because I had continued my investigations after the close of formal discovery, even thought I had submitted documents to him promptly after finding it, I improperly relied on such documents and so he would not upload my answer and documents,.

1

Somewhere between my word processor and what counsel uploaded to the Record the answering brief written with the help of SDLAG disappeared, and many of the documents I had included in my response were replaced by "boilerplate" repetitions or my Rule 56.1 statement 16 times over with a false Table of Contents I did not write misleading a reader who did not open these to believe they were the evidence I sought to introduce.

When I realized my answering brief had not been uploaded, I wrote to Judge Roman asking him to Order counsel to upload my it  but then decided to try to upload it myself, but it did not go through the PACER because of limitations on the volume that portal  can accommodate.

Judge Roman then granted Nationstar summary judgement on all counts without seeing my opposition papers. He did rule that in unilaterally raising my interest rate the lender had injured me but held  I had not proved the date  when I received that letter and consequently any claim was ratified.

## ARGUMENTS TO BE RAISED ON APPEAL

The first issue is whether by accident,  negligence --- or intentionally as threatened in the earlier letter --- my law memo as written with the held of the SDLAG was not sent to  Judge Roman and consequently I did not have a "full and fair opportunity' to support my case; that even without such a brief, there was clear error because New York state law defines "default"on a mortgage as not taking place until one year are the first date on which payment could be made without interest, and I  never reached that point; and that in Nationstar's own evidence, produced on discovery,  is a letter written to the New York State Consumer Protection Bureau assuring  that because the rest of my property far exceeded  the value of my house and 10 acres.  Nationstar did not assert a mortgage lien on the rest. I assert that such letter is an admission against interest and a hearsay exception.

I had filed a motion pursuant to FRCP 59 the "default" definition issue, and under FRCP 60 or a writ of coram nobis regarding  the letter from Nationstar to the NY York Department of Consumer Protection runs is contrary to   Nationstar's position I intended to place a lien on my property, not just the 10 acres on which the estimates were baeshad no claim to my property beyond the real estate. \

2

I believe on reding case law that Judge REoman cab decided the pending Rulle 59 motion ( that a late payment when here are continuing payment oppostunities does not constitute default, and by motion will ask this court to allow Judge Roman to rule on the Rule 30 motions, which is that I am entitled to rely on the letter and other assurances to sell land in excess of my mortgage debt

Respectfully,

Donald P. Rosendale  April 26, 2024

3